**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

**Daniel McAuley Jr., H. Edward Carr, James Oestreich, and Tigran Kalaydzhyan, individually and on behalf of all others similarly situated;**
**Prestige Fund A, LLC;**
**Prestige Fund A II, LLC;**
**Prestige Fund A IV, LLC;**
**Prestige Fund A V, LLC;**
**Prestige Fund A VI, LLC;**
**Prestige Fund A VII, LLC;**
**Prestige Fund A IX, LLC;**
**Prestige Fund B, LLC;**
**Prestige Fund B II, LLC;**
**Prestige Fund B IV, LLC;**
**Prestige Fund B V, LLC;**
**Prestige Fund B VI, LLC;**
**Prestige Fund B VII, LLC;**
**Prestige Fund B BTM I, LLC;**
**Prestige Fund D, LLC;**
**Prestige Fund D III, LLC;**
**Prestige Fund D IV, LLC;**
**Prestige Fund D V, LLC;**
**Prestige Fund D VI, LLC;**
**Prestige Fund D BTM I, LLC;**
**WF Velocity I, LLC;**
**WF Velocity Fund IV, LLC;**
**WF Velocity Fund V, LLC;**
**WF Velocity Fund VI, LLC;**
**WF Velocity Fund VII, LLC,**

**Plaintiffs,**

**v.**

**FIRST NATIONAL BANK OF PENNSYLVANIA,**

**Defendant.**

Civil Action No. 2:26-CV-04014

[Removed from the Court of Common Pleas of Lancaster County, PA, Case No. CI-26-03065]

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, First National Bank of Pennsylvania, ("FNB") hereby removes this case from the Court of Common Pleas of Lancaster County (the "State Court") to the United States District Court for the Eastern District of Pennsylvania on the following grounds:

(1) ***CAFA Jurisdiction:*** This Court has original jurisdiction over this civil action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453 because minimum diversity exists, the amount in controversy exceeds $5 million, and the number of members of the proposed putative class in the aggregate is at least 100 class members.

In support of this Notice of Removal, FNB states as follows:

### I. FACTUAL AND PROCEDURAL BACKGROUND

1. On April 28, 2026, Individual Plaintiffs, Daniel McAuley Jr., H. Edward Carr, James Oestreich, and Tigran Kalaydzhyan ("Individual Plaintiffs"), as well as Prestige Fund A, LLC; Prestige Fund A II, LLC; Prestige Fund A IV, LLC; Prestige Fund A V, LLC; Prestige Fund A VI, LLC; Prestige Fund A VII, LLC; Prestige Fund A IX, LLC; Prestige Fund B, LLC; Prestige Fund B II, LLC; Prestige Fund B IV, LLC; Prestige Fund B V, LLC; Prestige Fund B VI, LLC; Prestige Fund B VII, LLC; Prestige Fund B BTM I, LLC; Prestige Fund D, LLC; Prestige Fund D III, LLC; Prestige Fund D IV, LLC; Prestige Fund D V, LLC; Prestige Fund D VI, LLC; Prestige Fund D BTM I, LLC; WF Velocity I, LLC; WF Velocity Fund IV, LLC; WF Velocity Fund V, LLC; WF Velocity Fund VI, LLC; WF Velocity Fund VII, LLC ("Entity Plaintiffs"), collectively ("Plaintiffs") filed a Class Action Complaint in Case No. CI-26-03065, in the Court of Common Pleas of Lancaster County (the "State Court Action"). A true and correct copy of the Class Action Complaint in the State Court Action is attached hereto as **Exhibit 1**.

2. In their Complaint, Plaintiffs assert four (4) claims against FNB: (1) Aiding and Abetting Fraud (Count I); (2) Aiding and Abetting Breach of Fiduciary Duty (Count II); (3) Aiding and Abetting Conversion (Count III); and (4) Unjust Enrichment (Count IV). *See* Compl. ¶¶ 144-203.

3. FNB was served with the Complaint on May 22, 2026.

4. Plaintiff Daniel McAuley Jr. is a resident of Massachusetts. Compl. ¶ 14.

5. Plaintiff H. Edward Carr is a resident of Lancaster County, Pennsylvania. Compl. ¶ 15.

6. Plaintiff James Oestreich is a resident of Texas. Compl. ¶ 16.

7. Plaintiff Tigran Kalaydzhyan is a United States citizen currently residing in Mexico. Compl. ¶ 17.

8. The Entity Plaintiffs are organized under the laws of Delaware and headquartered in Lancaster, Pennsylvania. Compl. ¶ 19.

9. FNB is a federally chartered national bank headquartered at FNB Financial Center, 626 Washington Place, Pittsburgh, Pennsylvania 15219. Compl. ¶ 20.

10. Plaintiffs allege that FNB, as Paramount Management Group, LLC's ("Paramount") primary depository bank, had knowledge of and substantially assisted a Ponzi scheme operated by Paramount and its principal, Daryl Heller, by maintaining Paramount's accounts and processing hundreds of millions of dollars in transactions through which investor-related funds were received and redistributed to existing investors. *See generally*, Compl.

11. Plaintiffs seek compensatory damages, including all investment losses and lost distributions, restitution and disgorgement of all profits, fees, interest, loan repayments, swept

funds, and other financial benefits received by FNB, and pre- and post-judgment interest. *See* Compl. at Prayer for Relief.

## II. THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

12. Pursuant to 28 U.S.C. §§ 1332 and 1441, removal to this Court is proper under the Class Action Fairness Act ("CAFA"). Under CAFA, this Court has jurisdiction over class actions where: (1) there is minimal diversity (i.e., the citizenship of at least one plaintiff is diverse from the citizenship of at least one defendant), 28 U.S.C. § 1332(d)(2); (2) there are at least 100 putative class members, 28 U.S.C. § 1332(d)(5)(B); (3) the amount in controversy based upon the class members' aggregate claims exceeds $5 million exclusive of interest and costs, 28 U.S.C. § 1332(d)(2); (4) the primary defendants are not states, state officials, or other governmental entities against whom the district court may be prevented from ordering relief, 28 U.S.C. § 1332(d)(5)(A); and (5) the 30-day deadline for removal is met, 28 U.S.C. § 1446(b). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

13. As required by 28 U.S.C. § 1441, FNB seeks to remove this case to the United States District Court for the Eastern District of Pennsylvania, which is the District Court embracing the place where the State Court Action has been filed. 28 U.S.C. § 118(a).

### A. Minimal Diversity Exists.

14. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2).

15. Plaintiffs include individuals who are citizens of several different states.

16. Plaintiff Daniel McAuley Jr. is a resident of Massachusetts. Compl. ¶ 14.

17. Plaintiff H. Edward Carr is a resident of Lancaster County, Pennsylvania. Compl. ¶ 15.

18. Plaintiff James Oestreich is a resident of Texas. Compl. ¶ 16.

19. Plaintiff Tigran Kalaydzhyan is a United States citizen currently residing in Mexico. Compl. ¶ 17.[1]

20. The Entity Plaintiffs are organized under the laws of Delaware and headquartered in Lancaster, Pennsylvania. Compl. ¶ 19.[2]

21. With respect to a national bank, citizenship is governed by 28 U.S.C. § 1348, which states that "all national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." The United States Supreme Court has held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). FNB is a federally chartered national bank headquartered at FNB Financial Center, 626 Washington Place, Pittsburgh, Pennsylvania 15219. Compl. ¶ 20. Accordingly, FNB is a citizen of Pennsylvania for diversity purposes. *See* 28 U.S.C. § 1348; *Schmidt*, 546 U.S. at 307; *Bizzarro v. First Nat'l Bank*, No. 1:18-CV-173, 2019 WL 1043257, at *3 (W.D. Pa. Mar. 5, 2019), *aff'd*, 804 F. App'x 190 (3d Cir. 2020) (stating FNB is a citizen of Pennsylvania).

---

[1] The Complaint fails to allege any state citizenship for Plaintiff Tigran Kalaydzhyan. As a resident of Mexico, Plaintiff Tigran Kalaydzhyan is not a citizen of any state. 28 U.S.C. § 1332(a)(2)-(4). However, this does not impact the CAFA analysis of minimal diversity.

[2] Plaintiffs have failed to sufficiently plead the citizenship of the Entity Plaintiffs as limited liability companies; however, this does not impact the CAFA analysis of minimal diversity since minimal diversity exists for CAFA purposes as set forth herein. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The citizenship of an LLC is determined by the citizenship of its members").

22. Minimal diversity is satisfied because multiple Plaintiffs—including Plaintiff McAuley (a citizen of Massachusetts) and Plaintiff Oestreich (a citizen of Texas)—are citizens of states different from FNB (a citizen of Pennsylvania). *See* 28 U.S.C. § 1332(d)(2)(A).

**B. The Putative Class Exceeds 100 Members.**

23. Plaintiffs propose a class comprised of all persons who: "(a) Purchased interests in the Prestige Funds; (b) Did not make a net profit on their investments; and (c) Have never been owners, employees, legal representatives, or successors of Paramount." Compl. ¶ 130.

24. Based on the allegations in the Complaint, approximately 2,700 individuals or entities fall within the proposed Class Definition. Compl. ¶ 132.

25. The aggregate membership of the proposed class is therefore at least 100 as required under CAFA.

**C. As Alleged, the Aggregate Amount in Controversy Exceeds $5 Million.**

26. Under 28 U.S.C. § 1332(d), a class action is removable if the aggregate amount in controversy is greater than $5 million, exclusive of interest and costs. *See* U.S.C. § 1332(d)(2).

27. To invoke federal court jurisdiction, a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 89 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

28. Plaintiffs have not specified a precise amount in controversy but seek compensatory damages including all investment losses and lost distributions, restitution and disgorgement of all profits, fees, interest, loan repayments, swept funds, and other financial benefits received by FNB, and pre- and post-judgment interest. Compl. at Prayer for Relief ¶¶ a-e.

29. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6); *see also* S. Comm. on the Judiciary, Class Action Fairness Act of 2005, S. Rep. No. 109-14, at 42 (Feb. 28, 2005) ("Pursuant to new subsection 1332(d)(6), the claims of the individual class members in any class action shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000 (exclusive of interest and costs).").

30. In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." S. Rep. 109-14, at 42.

31. Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction:

> [I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case. . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.

S. Rep. 109-14, at 42-43 (emphasis added).

32. "[F]ederal jurisdiction exists unless it appears, to a legal certainty, that the plaintiff was never entitled to recover the jurisdictional amount." *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) (citing *Frederico v. Home Depot*, 507 F.3d 188, 194 (3d Cir. 2007)).

33. While FNB denies any liability as to Plaintiffs' claims, based on the allegations, claims, and prayer for relief set forth in the Complaint, the amount in controversy in this action, exclusive of interests and costs, exceeds the sum of $5,000,000. FNB's establishment of the amount in controversy, as set forth below, is based on assumptions for purposes of removal only as to the amounts that Plaintiffs claim to be able recover if they prevailed on their claims.

34. The Complaint alleges that Paramount operated a Ponzi scheme involving over $700 million raised from approximately 2,700 investors through private investment vehicles called the "Prestige Funds." Compl. ¶¶ 1, 132. Plaintiffs allege that these investors have lost their principal investments and have not received promised monthly distributions since mid-2024. Compl. ¶ 129.

35. Plaintiffs and the Class seek compensatory damages for all investment losses and lost distributions suffered as a result of FNB's alleged aiding and abetting of Paramount's Ponzi scheme. Compl. at Prayer for Relief ¶ b.

36. Additionally, Plaintiffs seek restitution and disgorgement of all profits, fees, interest, loan repayments, swept funds, and other financial benefits received by FNB that are derived from or traceable to investor-related funds or Paramount's FNB account activity. Compl. at Prayer for Relief ¶ c.

37. Given the alleged scale of the Ponzi scheme—involving over $700 million in investments and approximately 2,700 investors—and the breadth of the relief sought, including compensatory damages, restitution, and disgorgement, the aggregate amount in controversy plausibly exceeds the $5,000,000 jurisdictional threshold.

38. In sum, while FNB believes that class certification is not appropriate in this action and that it will prevail on the merits of Plaintiffs' claims, FNB has a good-faith belief based on

Plaintiffs' allegations that the amount in controversy in this matter exceeds the jurisdictional threshold of $5,000,000 set forth in 28 U.S.C. § 1332(d).

## III. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

39. This action has not previously been removed to federal court.

40. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1), which provides that such Notices "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

41. FNB filed this Notice of Removal within 30 days of May 22, 2026, the date on which FNB was served with the Class Action Complaint. The Class Action Complaint was the first pleading from which it could be ascertained "that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3). Accordingly, this action is being removed within 30 days of the first date after the receipt by FNB of service of any paper giving it notice that the action was removable.

42. Contemporaneous with the removal of this action, FNB has given written notice of this Notice of Removal to the Court of Common Pleas of Lancaster County, as well as Plaintiffs, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of the Notice of Removal, without exhibits, is attached hereto as **Exhibit 2**.

43. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the process, pleadings, and orders served upon FNB in the State Court Action are attached hereto as **Exhibit 3**.

44. Removal to this Court is appropriate. Pursuant to 28 U.S.C. §1441(a), removal to this Court is appropriate because it is the "district court of the United States for the district and division embracing the place where [this] action is pending."

45. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by FNB of any fact, of any validity or merits of any of Plaintiffs' claims, causes of action, theory of damages, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of FNB's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved. FNB expressly reserves the right to amend or supplement this Notice of Removal, should any aspect of this removal and/or the information set forth herein be challenged.

46. None of the exceptions contained in 28 U.S.C. § 1332(d) prevent this Court from exercising jurisdiction over this class action.

47. Therefore, this case may be removed because (i) there is diversity of citizenship between the parties; (ii) this is a civil class action for monetary relief in which more than 100 persons are proposed to be tried jointly; (iii) the amount in controversy exceeds $5 million, exclusive of interests and costs; and (iv) no exceptions apply.

48. If any question arises as to the propriety of the removal of this action, FNB respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, FNB hereby removes the above-captioned action now pending in State Court to the United States District Court for the Eastern District of Pennsylvania.

Dated: June 11, 2026

Respectfully submitted,

**MCGUIREWOODS LLP**

/s/ *Nellie E. Hestin*
Nellie E. Hestin (PA Bar No. 311788)
Jarrod D. Shaw (PA Bar No. 93459)
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Telephone: (412) 667-6000
Facsimile: (412) 667-6050
Email: nhestin@mcguirewoods.com
Email: jshaw@mcguirewoods.com

*Attorneys for Defendant*
*First National Bank of Pennsylvania*

**CERTIFICATE OF SERVICE**

I hereby certify this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 11, 2026, and sent via U.S. Mail and/or email to participants not registered with the CM/ECF system:

Alex E. Rogers, Esq.
Alex Rogers Law
425 New Commerce Boulevard
Wilkes-Barre, PA 18706
arogers@bedwickandjones.com

Daniel Centner, Esq.
Pfeiffer Wolf Carr Kane Conway & Wise LLP
935 Gravier Street
New Orleans, LA 70112
dcentner@pfiefferwolf.com

Jason J. Kane, Esq.
Pfeiffer Wolf Carr Kane Conway & Wise LLP
160 Linen Oaks
Rochester, NY 14625
jkane@pfiefferwolf.com

Ryan Schwamm, Esq.
Peter Spett, Esq.
Silver Law Group
11780 W. Sample Road
Coral Springs, FL 33065
rschwamm@silverlaw.com
pspett@silverlaw.com

Nico Banks, Esq.
Banks Law Office
1121 SE Sherman St., Unit A
Portland, OR 97214
nico@bankslawoffice.com

*/s/ Nellie E. Hestin*
Nellie E. Hestin

*Attorney for Defendant*
*First National Bank of Pennsylvania*